# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LAURIE E. DAWSON, | ) | CASE NO. 1:17-cv-02090 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Comm'r of Soc. Sec.*, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Plaintiff, Laurie E. Dawson (hereinafter "Plaintiff"), challenges the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security (hereinafter "Commissioner"), denying her application for Supplemental Security Income ("SSI") under Titles XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be REVERSED and REMANDED for proceedings consistent with this opinion.

## I. Procedural History

Prior to the current disability application, Plaintiff had a previous application for SSI denied following a hearing on April 4, 2013. (Transcript ("Tr." 150). Thereafter, on February 24, 2014,

Plaintiff filed her current application for SSI, alleging a disability onset date of April 9, 2011. (Tr. 215). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 136-137). Plaintiff participated in the hearing on May 4, 2016, was represented by counsel, and testified. (Tr. 67-100). A vocational expert ("VE") also participated and testified. *Id*. On May 26, 2016, the ALJ found Plaintiff not disabled. (Tr. 22). On August 23, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1-6). On October 5, 2017, Plaintiff filed a complaint challenging the Commissioner's final decision. (R. 1). The parties have completed briefing in this case. (R. 12 & 13).

Plaintiff asserts the following assignments of error: (1) whether the ALJ erred in applying the doctrine of *res judicata* when she found no new and material mental health evidence since the previous decision, and (2) whether the ALJ improperly relied upon the VE's testimony where there was a conflict between said testimony and the Dictionary of Occupational Titles ("DOT"). (R. 12, PageID# 689).[1]

## II. Disability Standard

A claimant is entitled to receive benefits under the Social Security Act when she establishes disability within the meaning of the Act. 20 C.F.R. § 404.1505 & 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981). A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable

---

[1]  Because the court finds a remand is necessary based on the ALJ's failure to resolve a conflict between the VE's testimony and the DOT, the court foregoes it usual recitation of the medical evidence. The relevant hearing testimony is set forth within the court's analysis below.

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a) and 416.905(a); 404.1509 and 416.909(a).

The Commissioner determines whether a claimant is disabled by way of a five-stage process. 20 C.F.R. § 404.1520(a)(4); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a medically determinable "severe impairment" or combination of impairments in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits ... physical or mental ability to do basic work activities." *Abbott*, 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment (or combination of impairments) that is expected to last for at least twelve months, and the impairment(s) meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d). Fourth, if the claimant's impairment(s) does not prevent her from doing past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment(s) does prevent her from doing past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g) and 416.920(g), 404.1560(c).

### III. Summary of the ALJ's Decision

The ALJ made the following findings of fact and conclusions of law:

    1.       The claimant has not engaged in substantial gainful activity since August

15, 2013, the application date (20 CFR 416.971 *et seq.*).

2.      The claimant has the following severe impairments: history of electrocution injury to the right hand; degenerative disc disease of the cervical spine; mild degenerative disc disease of the lumbar spine; borderline intellectual functioning; affective disorder; generalized anxiety disorder (20 CFR 416.920(c)).

3.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 416.967(b) except for the following additional limitations. The claimant requires a sit/stand [option] at will to alleviate discomfort, but not for any extended period of time or distance away from the job site. The claimant must avoid unprotected heights, moving machinery, and hazards. The claimant would be limited to occasional handling, fingering, and feeling with the right (dominant) hand. The claimant cannot perform complex tasks, arbitration, negotiation, or mediation. The claimant cannot perform math or reading. The claimant is limited to low-stress work with low production quotas.

5.      The claimant has no past relevant work (20 CFR 416.965).

6.      The claimant was born on ***, 1967 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.      The claimant has a limited education and is able to communicate in English (20 C.F.R. § 416.964).

8.      Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.     The claimant has not been under a disability, as defined in the Social Security Act, since August 15, 2013, the date the application was filed (20 CFR 416.920(g)).

(Tr. 13-22).

## IV. Law and Analysis

### A. Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. (*Id.*) However, the court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681. A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

### B.  Plaintiff's Assignments of Error

#### 1. Alleged Conflict with the DOT

In the second assignment of error, Plaintiff asserts the ALJ relied upon the testimony of the VE, which allegedly conflicted with the DOT, without inquiring about the existence of any

conflict or resolving said conflict. (R. 12, PageID# 701-704). Specifically, Plaintiff points to the component of the RFC that limited her to occupations that do not require more than occasional handling, fingering, and feeling with the right (dominant) hand. *Id*.

In the present case, the ALJ relied upon the VE's testimony that Plaintiff could perform the jobs of a table worker, final assembler, and bonder, even if she was limited to only occasional handling, fingering, and feeling with the right (dominant) hand. (Tr. 21-22). In her brief, Plaintiff asserts that these jobs all require frequent handling, fingering, and feeling as set forth in the DOT and its companion the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"). (R. 12, PageID# 703-704). Furthermore, Plaintiff argues that the ALJ was obligated to resolve this conflict, but failed to do so. *Id.*

Pursuant to the SCO, a table worker, DOT 739.687-182[2] (§ 06.03.02), a final assembler, DOT 713.687-018[3] (§ 06.04.23), and a bonder, DOT 726.685-066 (§ 06.04.09), must all be able to handle and finger ***frequently*** (feeling is not present).

Prior to posing any hypothetical questions to the VE, the ALJ requested the VE to advise her if any of his testimony contradicts the DOT. (Tr. 94). The VE indicated that he would do so. *Id.* The ALJ proceeded to pose the following hypothetical question to the VE:

> I'm going to ask if you can please assume an individual of the claimant's age, education and work experience, and that if you can assume that this individual can perform the full range of light work.
>
> And that this individual would require a sit stand at will option, this to alleviate discomfort but not for an extended period of time or distance away from the job

---

[2] The ALJ's decision contains a typographical error identifying this position as DOT 739.687-*012*, which does not exist. (Tr. 21). The VE's testimony was clearly DOT 739.687-182. (Tr. 96).
[3] The VE appears to have misspoke during his testimony, identifying the final assembler job as DOT *5*13.687-018, as a job with such a number does not exist in the DOT. (Tr. 96). Although several final assembler positions exist, it reasonably appears the VE simply misstated the first digit and the court utilizes DOT *7*13.687-018.

site. And this individual must avoid unprotected heights, moving machinery and hazards.

This individual cannot perform complex tasks, arbitration, negotiation or mediation. This individual also cannot perform detailed math or reading. And should be limited to low stress work with low production quotas.

(Tr. 95). The VE testified that "with the sit stand option I'm going to have to go to sedentary work. I know you said light but with the sit stand option at will, only sedentary jobs would fit within the rest of this hypothetical." (R. 95). The VE proceeded to identify the following sedentary and unskilled jobs as examples of jobs that such an individual could perform: table worker, DOT 739.687-182 (54,000 jobs nationally); final assembler, DOT [7]13.687-018 (90,000 jobs nationally); and bonder, DOT 726.685-066 (40,000 jobs nationally). (Tr. 96). The VE clarified that while his testimony was consistent with the DOT, the DOT does not give job numbers, which the VE based on his personal experience and data from the Department of Labor. *Id.*

Plaintiff's counsel also posed a hypothetical to the VE, asking him to maintain the first hypothetical but adding a restriction limiting an individual to only "occasional handling, fingering and grasping with the dominant upper extremity."[4] (Tr. 97). The VE responded as follows: "The jobs I gave would still remain, and the reason I say that is because if there's no limitation at all with the other hand or fingers, occasional handling, fingering and gripping would still be feasible with -- you know, if it's just limited to the one hand. But with just that, I would still give you the same jobs with the same numbers."[5] *Id.* The VE did not articulate in any clear

---

[4] The final RFC determination ultimately included this limitation to only "occasional handling, fingering, and feeling with the right (dominant) hand." (Tr. 16).
[5] The VE's testimony is admittedly confusing. It is unclear whether the VE is opining that the jobs do not involve more than occasional handling and fingering, or whether the ability to use the non-dominant hand in an unlimited fashion is sufficient. Notably, the VE does not clarify that the

7

or meaningful manner that these jobs required frequent handling and fingering pursuant to the

DOT or otherwise alert the ALJ that a potential conflict existed with the DOT. The ALJ did not

inquire whether a conflict existed. (Tr. 96-100).

Pursuant to Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000), when

a VE "provides evidence about the requirements of a job or occupation," the ALJ "has an

affirmative responsibility to ask about any possible conflict between that VE … evidence and

information provided in the DOT."[6]

> Occupational evidence provided by a VE or VS generally should be consistent
> with the occupational information supplied by the DOT. When there is an
> apparent unresolved conflict between VE or VS evidence and the DOT, the
> adjudicator must elicit a reasonable explanation for the conflict before relying on
> the VE or VS evidence to support a determination or decision about whether the
> claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully
> develop the record, the adjudicator will inquire, on the record, as to whether or
> not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there
> is a conflict. The adjudicator must resolve the conflict by determining if the
> explanation given by the VE or VS is reasonable and provides a basis for relying
> on the VE or VS testimony rather than on the DOT information.

SSR 00-4p at *2. First, the ALJ must ask the VE "if the evidence he or she has provided

conflicts" with the DOT. *Id*. at *4. Second, if the VE's evidence "appears to conflict with the

DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict." *Id*.

_____

DOT states that all three positions require frequent handling and fingering.
[6] "SSR holdings 'are binding on all components of the Social Security Administration.'"
*Lancaster v. Comm'r of Soc. Sec.*, 228 Fed. App'x 563, 573 (6th Cir. 2007). The "Purpose"
section of SSR 00-4p clarifies that an ALJ, before relying on VE testimony to support a decision,
must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational
evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles
(DOT), *including its companion publication, Selected Characteristics of Occupations Defined in
the Revised Dictionary of Occupational Titles (SCO)*," and explain in the decision how any
conflict that has been identified was resolved. 2000 WL 1898704 at *1 (emphasis added).

Other court decisions within this Circuit have found that a remand is necessary where: (1) the ALJ fails to develop the record by not inquiring whether the VE's testimony was consistent with the DOT; *and* (2) the failure to inquire is not harmless because an actual conflict exists between the VE's testimony and the DOT. *See, e.g, Lancaster v. Comm'r of Soc. Sec.*, 228 Fed. App'x 563, 575 (6th Cir. 2007) (finding a remand was necessary where the ALJ failed to inquire about inconsistencies between the VE's testimony and the DOT, and "an inconsistency with the DOT clearly exists"); *accord Stine v. Comm'r of Soc. Sec.*, No. 07-12301, 2008 WL 1837357 at *4 (E.D. Mich. Apr. 23, 2008); *Goulette v. Comm'r of Soc. Sec.*, No. 12-11353, 2013 WL 2371695, at *11 (E.D. Mich. May 30, 2013) ("Following *Lancaster*, the courts in this circuit have generally concluded that the ALJ's failure to inquire about consistency with the DOT is not reversible error unless a potential conflict actually exists…"); c*f. Joyce v. Comm'r of Soc. Sec.*, 662 Fed. App'x 430, 436–37 (6th Cir. 2016) (stating that an "ALJ might reversibly err by failing to inquire about or resolve a conflict between the DOT reasoning levels and a simple-tasks limitation," but affirming based on harmless error under the facts of the case); *Kerr v. Comm'r of Soc. Sec.*, No. 2:13-CV-457, 2014 WL 4243771, at *3 (S.D. Ohio Aug. 26, 2014) ("where the Plaintiff fails to demonstrate an actual conflict, courts have consistently held that an ALJ's failure to comply with SSR 00–4p's inquiry requirement constitutes harmless error").

The facts before the court are analogous to *Miller v. Comm'r of Soc. Sec.*, No. 4:10 CV 2852, 2012 WL 398650, at *16 (N.D. Ohio Feb. 7, 2012) (Knepp, M.J.), wherein the court found that the ALJ relied on "the VE's incorrect testimony to conclude Plaintiff could perform jobs that, according to the DOT and assuming the RFC the ALJ determined she has, she could not perform." The *Miller* decision observed that "[t]his is not the kind of harmless error that results from merely not inquiring about conflicts between VE testimony and the DOT." *Id.* Here too, the

court determines that the ALJ's omission was not harmless. The ALJ neither inquired whether a potential conflict existed with respect to the handling and fingering requirements of the jobs provided in the VE's testimony and Plaintiff's dominant-hand limitations nor did the VE's ambiguous testimony alert the ALJ to the presence of any potential conflict. The decision does clarify that the ALJ never actually perceived that any potential conflict existed. This fact is illustrated by the ALJ's inaccurate statement in the decision that the "[VE's] testimony is consistent with information contained in the [DOT]." (R. 21).

The Commissioner argues that the present case presents no conflict with the DOT, a contention the court rejects. (R. 13, PageID# 719-720). The defense's attempt to analogize the conflict in the case at bar to sit/stand options, which are unaccounted for in the DOT, is not well taken. *Id*. The DOT is not silent on the handling and fingering requirements of the pertinent jobs in this case; rather, it unequivocally states that the requirements are "frequent."[7] While the ALJ

---

[7] A similar argument concerning one-handed reaching with the non-dominant extremity was rejected in *Bennett v. Comm'r of Soc. Sec.*, No. 1:16-CV-227, 2016 WL 7395795, at *5–7 (N.D. Ohio Dec. 2, 2016) (Parker, M.J.), *report and recommendation adopted*, 2016 WL 7396707 (N.D. Ohio Dec. 21, 2016) (Boyko, J.). The *Bennett* decision observed that:

> Most courts analyzing this issue have found a potential or apparent conflict between a DOT job description requiring frequent reaching and a claimant's limitation of no overhead reaching or occasional reaching with one arm." *See Pearson v. Colvin*, 810 F.3d 204, 211 (4th Cir. 2015) (remanding case due, in part, to apparent conflict between VE testimony and DOT [, which] listed three jobs as requiring frequent reaching but ALJ found that claimant could only occasionally reach upward with nondominant arm); *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006) (remanding the case due to the potential inconsistency between a limitation that claimant could only "occasionally reach above shoulder level" with the DOT requirement that the cashier's job required frequent reaching); *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) (finding a conflict between DOT job listing requiring constant reaching and RFC limitation that claimant could reach overhead only occasionally); *Jones v. Colvin*, No. 4:15–CV–00072–F, 2016 WL 4491764, at *2 (E.D.N.C. Aug. 26, 2016) (found conflict between RFC restriction of no

is not obligated to follow the DOT over the contradictory testimony of a VE, the very purpose of SSR 00-4p is to apprise an ALJ of a conflict in order to afford the ALJ the opportunity to resolve the conflict in the decision. SSR 00-4p at *4. Had the ALJ inquired of the VE whether a conflict exists, she may have been alerted to the potential conflict. Instead, the ALJ concluded without sufficient foundation that the VE's testimony was consistent with the DOT.

The Commissioner also argues that the VE gave a reasonable explanation for the conflict. (R. 13, PageID# 720-721). The court disagrees. First, as already stated, the VE's testimony did not clearly alert the ALJ that a conflict existed in the first place and the decision contradicts the

---

overhead reaching with left arm and DOT requirement that housekeeping job includes frequent reaching); *Marquez v. Astrue*, No. CV–11–339–TUC–JGZ–DT, 2012 WL 3011778, at *3 (D. Ariz. May 2, 2012), *report and recommendation adopted*, No. CV 11–339–TUC–JGZ, 2012 WL 3011779 (D. Ariz. July 23, 2012) (finding a conflict between VE testimony that claimant limited in overhead reaching can perform particular jobs requiring frequent reaching in any direction.); *Jordan v. Astrue*, No. 09–CV1559–MMA, 2010 WL 2816234 (S.D.Cal. May 4, 2010) (finding conflict between VE testimony, that claimant limited to occasional overhead reaching with right shoulder could perform particular jobs, and DOT descriptions that jobs required frequent reaching); *Silvera v. Astrue*, No. CV–09–1935–JC, 2010 WL 3001619 (C.D.Cal. July 29, 2010) (finding that frequent reaching requirement in the DOT description potentially conflicts with claimant's restriction to perform only occasional overhead reaching because DOT does not distinguish overhead from other reaching); *Robertson v. Astrue*, No. 1:09CV87–SRW, 2010 WL 3488637, at *3 (M.D. Ala. Aug. 31, 2010); *Beeler v. Astrue*, No. 2:09–CV–649–GZS, 2010 WL 4791836, at *4 (D. Me. Nov. 17, 2010), *aff'd*, No. 09–CV–649–P–S, 2010 WL 5070889 (D. Me. Dec. 7, 2010) (DOT jobs requiring occasional reaching were inconsistent with a limitation of no overhead work with right arm) *contra Lamear v. Colvin*, No. 3:13–CV–01319–AC, 2014 WL 6809751, at *2 (D. Or. Dec. 1, 2014) (case currently being appealed to the 9th Circuit) (noting that although other district courts have held that a limitation on overhead reaching with one arm conflicts with a DOT job description requiring reaching generally, the district court of Oregon […] has consistently held that no such conflict exists.)

*Id*. at *6.

11

conclusion that the ALJ perceived a conflict. Second, the ALJ's decision does not explain that, or how, the VE gave a reasonable explanation for the apparent conflict, rendering the assertion a *post hoc* argument. SSR 00-4p states that:

> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

*Id*. at *4. The ALJ's decision provides no explanation identifying or resolving the conflict between the VE's testimony regarding jobs that someone with Plaintiff's limitations could perform and the DOT's requirements for performing such jobs. The defense's conclusory statement that the VE's explanation was reasonable essentially ignores the the ALJ's role as the adjudicator. Similarly, it is also not this court's function to be the first to address whether the VE gave a reasonable explanation for the conflict.[8]

Therefore, the court finds merit in Plaintiff's second assignment of error and recommends

---

[8] The court recognizes that a number of decisions from the Sixth Circuit Court of Appeals declined to remand where there was a conflict between the VE's testimony and the DOT. However, those decisions are distinguishable because, unlike in the case at bar, the ALJs therein actually inquired whether there was a conflict, and the VE represented that no conflict existed. Those decisions reasoned that while SSR 00-4p "imposed an affirmative duty on ALJs to ask the VE if the evidence that he or she provided conflicts with the information provided in the DOT," no follow-up requirement exists that the ALJ must conduct a further investigation into the accuracy of the VE's testimony. *See, e.g., Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603-06 (6th Cir. 2009) (holding that after asking a VE whether his testimony was accurate "the ALJ had no duty under S.S.R. 00–4p to interrogate him further.") (*citing Martin v. Comm'r of Soc. Sec.*, 170 Fed. Appx. 369, 374 (6th Cir. 2006) ("Nothing in S.S.R. 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.")); *accord Beinlich v. Comm'r of Soc. Sec.*, 345 Fed. App'x 163, 168-69 (6th Cir. 2009) ("As *Lindsley* makes clear, the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p"); *Staymate v. Comm'r of Soc. Sec.*, 681 Fed. App'x 462, 468 (6th Cir. 2017) (finding nor error where the ALJ specifically asked the VE if his testimony was consistent with the DOT and the claimant's counsel failed to object).

remanding this matter for additional VE testimony and a new decision that complies with SSR 00-4p. A remand, rather than an award of benefits, is appropriate, because the ALJ is not obligated to ascribe greater weight to the DOT or SCO than to the VE's testimony.

### 2. Application of *Res Judicata*

In the first assignment of error, Plaintiff argues that there is an inconsistency between the ALJ's finding that there was no new and material evidence of a significant worsening of Plaintiff's mental impairments since the previous decision denying her disability and the ALJ's inclusion of a severe mental impairment at Step Two, generalized anxiety disorder, that was not considered a severe impairment during the prior adjudication. (R. 12, PageID# 698-700). In the interests of judicial economy, the court declines to address whether this apparent inconsistency furnished a basis for remand. Nevertheless, as the court recommends that a remand is necessary, the ALJ should also clarify its findings in this regard.

### V. Conclusion

For the foregoing reasons, it is recommended that the Commissioner's final decision be REVERSED and REMANDED for proceedings consistent with this opinion.


Date: November 26, 2018                    s/ *David A. Ruiz*
                                           David A. Ruiz
                                           United States Magistrate Judge


### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).